UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                          18-CR-108-EAW

ROBERT MORGAN, FRANK GIACOBBE,
TODD MORGAN, AND MICHAEL TREMITI,

                            Defendants,

In Re: Sale of 453 Pheasant Run, Webster, New York
14580 (an Unindicted Property)

**STIPULATION BY AND AMONG THE UNITED STATES OF AMERICA, ROBERT MORGAN, TODD MORGAN, AND MORGAN REALTY DEVELOPMENT LLC**

With regard to the premises, buildings, appurtenances, improvements and real property located at 453 Pheasant Run, Webster, New York, as more particularly described in Exhibit A (attached hereto), the United States of America, Robert Morgan, Todd Morgan, and Morgan Realty Development LLC, owner of the real property located at 453 Pheasant Run, Webster, New York, (collectively, the "Parties") hereby stipulate as follows:

1. WHEREAS Morgan Realty Development LLC (the "Owner") owns the real property located at 453 Pheasant Run, Webster, New York (the "Property").

2. WHEREAS no Defendant named in the Superseding Indictment in the above-captioned proceeding (Dkt. 42) has a direct ownership interest in the Property

3. WHEREAS Robert Morgan and Todd Morgan have an indirect interest in the Owner.

4. WHEREAS the Property is a real property that is not subject to the forfeiture allegations in the Superseding Indictment, incorporated herein by reference.

5. WHEREAS the Property is not a real property subject to civil forfeiture pursuant to the civil forfeiture action, *United States of America v. The Premises and Real Property with All Buildings, Appurtenances, and Improvements, Located at 7405 Morgan Road*, et. al., 1:19-CV-01157 (EAW) (W.D.N.Y. August 28, 2019) (the "Civil Forfeiture Action").

6. WHEREAS the Property is not subject to any other civil, criminal, or ancillary forfeiture action related to the above-captioned proceeding, the Civil Forfeiture Action, or the related criminal investigation.

7. WHEREAS there is no court order authorizing the United States of America to seize or lawfully restrain the sale, transfer, or disposal of the Property.

8. WHEREAS there are no advances made by the Receivership Entities (as defined in the Order Appointing Receiver (Dkt. 39) and clarified by the Stipulation and Order (Dkt. 49) in *Securities and Exchange Commission v. Morgan, et al.*, 19-CIV-661-EAW (the "SEC Action")) for the benefit of the Property, as evidenced by the Receiver's August 8, 2019 Accounting For the Receivership Entities (Dkt. 53) filed in the SEC Action.

9. The Parties agree to effectuate the transaction set forth in the purchase and sale agreement, executed September 9, 2019, of the Property by and between the Owner and Insight Development ("Purchaser") or its permitted assignee or another bona fide purchaser (the "Sale").

10. The Parties agree that Purchaser is not restrained from making payments to the Owner, any Party, or any third parties (including any LLC or entity that the Defendants may have a membership interest in) related to the Sale or its ownership and operation of the Property.

11. The Parties agree that there is no restriction on any proceeds from the Sale.

12. The United States Attorney's Office for the Western District of New York and/or any of the federal agencies participating in the current criminal investigation related to the Superseding Indictment hereby agrees that, upon the Sale, they will not pursue as part of its criminal or civil forfeiture claims, and specifically and expressly waives any claim to the forfeiture of the premises, buildings, appurtenances, improvements and real property of the Property.

13. The United States Attorney's Office for the Western District of New York and/or any of the federal agencies participating in the current criminal investigation related to the Superseding Indictment hereby agrees that, upon the Sale, they will not pursue as part of its criminal or civil forfeiture claims, and specifically and expressly waives any claim to the forfeiture of Purchaser's lender's secured interest in monies to be loaned and advanced to Purchaser by its lender, if any, as well as any related principal and interest payments which will be made by Purchaser to its lender, if any.

Dated: March 19, 2020

By: JAMES P. KENNEDY, JR.
United States Attorney

S/*Mary Clare Kane*
Mary Clare Kane
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

                    GIBSON DUNN & CRUTCHER, LLP

            By:    *Joel M. Cohen*_____
                    Joel M. Cohen
                    *Attorneys for Robert C. Morgan*
                    200 Park Avenue
                    New York, New York 10166


                    ROTHENBERG LAW

            By:    *David Rothenberg*_____
                    David Rothenberg
                    *Attorneys for Todd Morgan*
                    Time Square Building
                    45 Exchange Boulevard, Suite 800
                    Rochester, New York 14614


                    HARRIS BEACH PLLC

            By:    *Jordan C. Alaimo*_____
                    Jordan C. Alaimo
                    *Attorneys for Morgan Realty Development LLC*
                    99 Garnsey Road
                    Pittsford, New York 14534

SO ORDERED:

Dated: Rochester, New York
       March 20, 2020

_____
Hon. Elizabeth A. Wolford
United States District Judge

# EXHIBIT A

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Webster, County of Monroe, State of New York, more particularly described as Lot R-1 of the Stingle Subdivision as shown on a map filed in Monroe County Clerk's Office in Liber 251 of Maps, page 97.
TOGETHER WITH the benefits of the Declaration of Protective Covenants, Conditions and Restrictions recorded in Liber 7607 of Deeds, page 249.