UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                    18-CR-108-EAW

ROBERT MORGAN, FRANK GIACOBBE,
TODD MORGAN, AND MICHAEL TREMITI,

                                        Defendants.

In Re: Sale of 565 Bay Road, Queensbury, New York
12804 (an Unindicted Property)

## STIPULATION BY AND AMONG THE UNITED STATES OF AMERICA, ROBERT MORGAN, TODD MORGAN, AND MORGAN OLDE COACH LLC

With regard to the premises, buildings, appurtenances, improvements and real property located at 565 Bay Road, Queensbury, New York 12804, as more particularly described on Exhibit A, (attached hereto), the United States of America, Robert Morgan, Todd Morgan, Morgan Olde Coach LLC, owner of the real property located at 565 Bay Road, Queensbury, New York 12804 (collectively, the "Parties") hereby stipulate as follows:

1. WHEREAS Morgan Olde Coach LLC (the "Owner") owns the real property located at 565 Bay Road, Queensbury, New York 12804 (the "Property").

2. WHEREAS no Defendant named in the Superseding Indictment in the above-captioned proceeding (Dkt. 42) has a direct ownership interest in the Property.

3. WHEREAS Robert Morgan and Todd Morgan have an indirect interest in the Owner.

4. WHEREAS the Property is a real property that is not subject to the forfeiture allegations in the Superseding Indictment, incorporated herein by reference.

5. WHEREAS the Property is not a real property subject to civil forfeiture pursuant to the civil forfeiture action, *United States of America v. The Premises and Real Property with All Buildings, Appurtenances, and Improvements, Located at 7405 Morgan Road, et. al.*, 1:19-CV-01157 (EAW) (W.D.N.Y. August 28, 2019) (the "Civil Forfeiture Action").

6. WHEREAS the Property is not subject to any other civil, criminal, or ancillary forfeiture action related to the above-captioned proceeding, the Civil Forfeiture Action, or the related criminal investigation.

7. WHEREAS there is no court order authorizing the United States of America to seize or lawfully restrain the sale, transfer, or disposal of the Property.

8. WHEREAS there are no advances made by the Receivership Entities (as defined in the Order Appointing Receiver (Dkt. 39) and clarified by the Stipulation and Order (Dkt. 49) in *Securities and Exchange Commission v. Morgan, et al.*, 19-CIV-661-EAW (the "SEC Action")) for the benefit of the Property, as evidenced by the Receiver's August 8, 2019 Accounting For the Receivership Entities (Dkt. 53) filed in the SEC Action.

9. The Parties agree to effectuate the transaction set forth in that certain Purchase and Sale Agreement, effective February 19, 2020, by and between the Owner and Olde Coach Manor, LLC ("Purchaser") or its permitted assignee or another bona fide purchaser (the "Sale").

10. The Parties agree that Purchaser is not restrained from making payments to the Owner, any Party, or any third parties (including any LLC or entity that the Defendants may have a membership interest in) related to the Sale or its ownership and operation of the Property.

11. The Parties agree that there is no restriction on any proceeds from the Sale.

12. The United States Attorney's Office for the Western District of New York and/or any of the federal agencies participating in the current criminal investigation related to the Superseding

Indictment hereby agrees that, upon the Sale, they will not pursue as part of its criminal or civil forfeiture claims, and specifically and expressly waives any claim to the forfeiture of the premises, buildings, appurtenances, improvements and real property of the Property.

13. The United States Attorney's Office for the Western District of New York and/or any of the federal agencies participating in the current criminal investigation related to the Superseding Indictment hereby agrees that, upon the Sale, they will not pursue as part of its criminal or civil forfeiture claims, and specifically and expressly waives any claim to the forfeiture of Purchaser's lender's secured interest in monies to be loaned and advanced to Purchaser by its lender, if any, as well as any related principal and interest payments which will be made by Purchaser to its lender, if any.

Dated: March 19, 2020

By: JAMES P. KENNEDY, JR.
United States Attorney

S/*Mary Clare Kane*
Mary Clare Kane
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

GIBSON DUNN & CRUTCHER, LLP

By: S/*Joel M. Cohen*
Joel M. Cohen
*Attorneys for Robert C. Morgan*
200 Park Avenue
New York, New York 10166

ROTHENBERG LAW


By: S/*David Rothenberg*
David Rothenberg
*Attorneys for Todd Morgan*
Time Square Building
45 Exchange Boulevard, Suite 800
Rochester, New York 14614


WOODS OVIATT GILMAN LLP


By: S/*James J. Bonsignore*
James J. Bonsignore
*Attorneys for Morgan Olde Coach LLC*
1900 Bausch & Lomb Place
Rochester, New York 14604


SO ORDERED:

Dated: Rochester, New York
March  20 , 2020

_____
Hon. Elizabeth A. Wolford
United States District Judge

# EXHIBIT A

ALL THAT CERTAIN PARCEL OF LAND, situate in the Town of Queensbury, Warren County, New York, being part of Lot 38 in the First Division of the Queensbury Patent and located on the west side of County Road No. 7, also known as the Bay Road, in said town, and which parcel is bounded and described as follows:

Beginning at a point in the westerly bounds of the Bay Road where said westerly bounds are intersected by the northerly line of lands conveyed to John M. Hughes by Emil and Bertha Yagar, by deed dated December 30, 1975, and recorded in the Warren County Clerk's Office in Book 593 of Deeds, page 1021, and which point of beginning is situate at a distance of 789.73 feet, northerly, measured along said westerly bounds from the northerly line of the town highway known as Walker Lane, running thence from the place of beginning, North 84 degrees 07 minutes West, along the northerly line of said lands conveyed by Yagar, for a distance of 747.42 feet, more or less, to the northwesterly corner of the said lands conveyed by Yagar; thence North 87 degrees 11 minutes West, along a wire fence marking the northerly bounds of lands now or formerly of John H. Dorlon, for a distance of 533 feet, more or less, to a point in the easterly line of lands now or formerly of the Ethyl Chesbro Estate; thence North 10 degrees 50 minutes East, along a stone wall and wire fence marking the easterly line of said lands of the Chesbro Estate, for a distance of 473 feet, more or less, to a point in the southerly line of lands of Bray Terminals, Inc.; thence South 82 degrees 51 minutes East, along the remains of a wire fence marking the southerly line of said lands of Bray Terminals, Inc., for a distance of 1062.3 feet, more or less, to the northwesterly corner of lands conveyed by Mary L. Spector to John M. Hughes by deed dated February 6, 1978, and recorded in the Warren County Clerk's Office in Book 611 of Deeds, page 940; thence South 06 degrees 27 minutes West, along said lands conveyed by Spector, for a distance of 100 feet; thence South 82 degrees 51 minutes East, along the southerly bounds of said lands conveyed by Spector, for a distance of 185 feet, more or less, to the westerly bounds of the Bay Road, thence South 07 degrees 11 minutes West, along Bay Road, for a distance of 315 feet, more or less, to the point of beginning, and containing 12.18 acres, more or less.

PARCEL II

ALL THAT CERTAIN PARCEL OF LAND, situate in the Town of Queensbury, Warren County, New York, being part of Lot 38 in the First Division of the Queensbury Patent and located on the west side of County Road No. 7, also known as the Bay Road, in said town, and which parcel is bounded and described as follows:

Beginning at a point in the westerly bounds of Bay Road at the southeasterly corner of lands conveyed by the Glens Falls Country Club to Bray Terminals, Inc., by deed dated October 10, 1980 and recorded in the Warren County Clerk's Office in Book 634 of Deeds, page 610; running thence from the point of beginning, South 07 degrees 11 minutes West, along the westerly bounds of Bay Road, for a distance of 100 feet, more or less, to the northeasterly corner of lands conveyed by Edward L. Nadeau, Referee to John M. Hughes, by deed dated June 5, 1970 and recorded in said Clerk's Office in Book 523 of Deeds, page 229; thence North 82 degrees 51 minutes West, along said lands conveyed by Edward L. Nadeau, Referee, for a distance of 185 feet, more or less, to a point in the easterly line of lands conveyed by William and Claire Aronson to John M. Hughes by deed dated February 26, 1968 and recorded in said Clerk's Office in Book 491 of Deeds, page

491; thence North 06 degrees 27 minutes East along said lands conveyed by Aronson, for a distance of 100 feet, more or less, to the northeast corner thereof; thence South 82 degrees 51 minutes East, along the above described lands of Bray Terminals, Inc., for a distance of 186.5 feet, more or less, to the point of beginning, and containing 0.42 of an acre, more or less.

ABOVE PREMISES ARE MORE CURRENTLY DESCRIBED AS FOLLOWS:

All that piece or parcel of property situate in the Town of Queensbury, County of Warren, State of New York and being bounded and described as follows:

Beginning at an iron pin at the intersection of the westerly boundary of Bay Road, County Road No. 7, with the northerly boundary of lands now or formerly of Michael P. Homenick and James P. Merrigan, said pin being located approximately 789 feet northerly measured along the said westerly boundary of Bay Road from the northerly boundary of the Town highway known as Walker Lane, and running thence from said point of beginning North 84° 07' 00" West along the said northerly boundary of lands now or formerly of Michael P. Homenick and James P. Merrigan, the northerly boundary of lands now or formerly of Jeffrey and Debra Foss, and the northerly boundary of lands now or formerly of Baywood Realty Associates, LLC 753.17 feet to an iron pin; thence North 87° 39' 40" West along the northerly boundary of lands now or formerly of Raybrook II, LLC 536.54 feet to an iron pin in the easterly boundary of lands now or formerly of David R. and Priscilla G. Petta; thence North 11° 33' 40" East along the said easterly boundary of lands now or formerly of David R. and Priscilla G. Petta, the easterly boundary of lands now or formerly of Charles R. Barton, III and Kim B. Barton, and the easterly boundary of lands now or formerly of Christopher and Eva M. Detmer 473.04 feet to an iron pin in the southerly boundary of lands now or formerly of the James G. Marshall Revocable Trust; thence South 82° 57' 03" East along the said southerly boundary of lands now or formerly of the James G. Marshall Revocable Trust 1248.80 feet to an iron pin in the first mentioned westerly boundary of Bay Road, County Road No. 7; thence South 06° 48' 30" West along the said westerly boundary of Bay Road, County Road No. 7, 412.19 feet to the point of beginning, containing 12.567 acres of land, being the same more or less.