UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                              18-CR-108-EAW

ROBERT MORGAN, FRANK GIACOBBE,
TODD MORGAN, AND MICHAEL TREMITI,

                                      Defendants.

In Re: Sale of 6382 Ontario Center Road, Ontario, NY 14519 (an Unindicted Property)

**STIPULATION BY AND AMONG THE UNITED STATES OF AMERICA, ROBERT MORGAN, TODD MORGAN, AND MORGAN ONTARIO CENTER LLC**

With regard to the premises, buildings, appurtenances, improvements and real property located at 6382 Ontario Center Road, Ontario, New York, as more particularly described on Exhibit A (attached hereto) the United States of America, Todd Morgan, Robert Morgan, and Morgan Ontario Center LLC, owner of the real property located at 6382 Ontario Center Road, Ontario, New York, (collectively, the "Parties") hereby stipulate as follows:

1. WHEREAS Morgan Ontario Center LLC (the "Owner") owns the real property located at 6382 Ontario Center Road, Ontario, New York (the "Property").

2. WHEREAS no Defendant named in the Superseding Indictment in the above-captioned proceeding (Dkt. 42) has a direct ownership interest in the Property.

3. WHEREAS Robert Morgan and Todd Morgan have an indirect interest in the Owner.

4. WHEREAS the Property is a real property that is not subject to the forfeiture allegations in the Superseding Indictment, incorporated herein by reference.

5. WHEREAS the Property is not a real property subject to civil forfeiture pursuant to the civil forfeiture action, *United States of America v. The Premises and Real Property with All Buildings, Appurtenances, and Improvements, Located at 7405 Morgan Road*, et. al., 1:19-CV-01157 (EAW) (W.D.N.Y. August 28, 2019) (the "Civil Forfeiture Action").

6. WHEREAS the Property is not subject to any other civil, criminal, or ancillary forfeiture action related to the above-captioned proceeding, the Civil Forfeiture Action, or the related criminal investigation.

7. WHEREAS there is no court order authorizing the United States of America to seize or lawfully restrain the sale, transfer, or disposal of the Property.

8. WHEREAS there are no advances made by the Receivership Entities (as defined in the Order Appointing Receiver (Dkt. 39) and clarified by the Stipulation and Order (Dkt. 49) in *Securities and Exchange Commission v. Morgan, et al.*, 19-CIV-661-EAW (the "SEC Action")) for the benefit of the Property, as evidenced by the Receiver's August 8, 2019 Accounting For the Receivership Entities (Dkt. 53) filed in the SEC Action.

9. The Parties agree to effectuate the transaction set forth in the Purchase and Sale Contract, dated February 20, 2020, by and between the Owner and Brad Burns or an entity wholly owned by Brad Burns ("Purchaser") or its permitted assignee or another bona fide purchaser (the "Sale").

10. The Parties agree that Purchaser is not restrained from making payments to the Owner, any Party, or any third parties (including any LLC or entity that the Defendants may have a membership interest in) related to the Sale or its ownership and operation of the Property.

11. The Parties agree that there is no restriction on any proceeds from the Sale.

12. The United States Attorney's Office for the Western District of New York and/or any of the federal agencies participating in the current criminal investigation related to the Superseding Indictment hereby agrees that, upon the Sale, they will not pursue as part of its criminal or civil forfeiture claims, and specifically and expressly waives any claim to the forfeiture of the premises, buildings, appurtenances, improvements and real property of the Property, except on the basis of conduct alleged to occur after the date of the Sale and which is unrelated to the investigation in this matter and the related civil forfeiture matters.

13. The United States Attorney's Office for the Western District of New York and/or any of the federal agencies participating in the current criminal investigation related to the Superseding Indictment hereby agrees that, upon the Sale, they will not pursue as part of its criminal or civil forfeiture claims, and specifically and expressly waives any claim to the forfeiture of Purchaser's lender's secured interest in monies to be loaned and advanced to Purchaser by its lender, if any, as well as any related principal and interest payments which will be made by Purchaser to its lender, if any.

Dated:  June 30, 2020

By:   JAMES P. KENNEDY, JR.
      United States Attorney

June 29, 2020

*S/Mary Clare Kane*
Mary Clare Kane
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

                                      GIBSON DUNN & CRUTCHER, LLP

By:   *S/Joel M. Cohen*  
       Joel M. Cohen  
       *Attorneys for Robert C. Morgan*  
       200 Park Avenue  
       New York, New York 10166


                                      ROTHENBERG LAW

By:   *S/David Rothenberg*  
       David Rothenberg  
       *Attorneys for Todd Morgan*  
       Time Square Building  
       45 Exchange Boulevard, Suite 800  
       Rochester, New York 14614


                                      HARRIS BEACH PLLC

By:   *S/Jordan C. Alaimo*  
       Jordan C. Alaimo  
       *Attorneys for Morgan Ontario Center LLC*  
       99 Garnsey Road  
       Pittsford, New York 14534

SO ORDERED:

Dated: Rochester, New York  
       July 15, 2020

_____  
Hon. Elizabeth A. Wolford  
United States District Judge

# EXHIBIT A

**Conveys:** ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Ontario, County of Wayne and State of New York, bounded and described as follows: Beginning at a point in the centerline of Ontario Center Road, said point marking the northwest corner of land reserved by Waterman & Sons, Inc. and said point being northerly 750.0 feet from the north right-of-way line of the Penn Central Railroad Company; thence (1) North 09° 02' 20" East along the centerline of Ontario Center Road 1607.25 feet to a point, marking the southwest corner of land reputedly owned by Anthony Frumusa; thence, (2) South 80° 57' 50" East along the south line of land reputedly owned by said Frumusa and the south line of land reputedly owned by the Town of Ontario; 431.14 feet to a point; thence, (3) the following courses and distances along land reputedly owned by the Town of Ontario, South 08° 23' 20" West 112.90 feet to a point and South 81° 33' 10" East 893.19 feet to a point, marking the northwest corner of land reputedly owned by Southland Frozen Food, Inc., Waterman & Sons, Inc, and Victor Preserving Company; thence, (4) the following courses and distances along land owned by Southland Frozen Food, Inc., Waterman & Sons, Inc., and Victor Preserving Company, South 08° 53' 00" West 338.81 feet to a point, North 80° 26' 40" West 599.49 feet to a point and South 08° 46' 00" West 1170.21 feet to a point, marking the northeast corner of land reserved by Waterman & Sons, Inc.; thence, (5) North 80° 57' 40" West along the north line of land reserved by Waterman & Sons, Inc., 732.58 feet to the point and place of beginning, comprising an area of 30.724 acres.

SUBJECT to easements, covenants and restrictions of record.