UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.                                                              18-CR-108-EAW

ROBERT MORGAN, FRANK GIACOBBE,
TODD MORGAN, AND MICHAEL TREMITI,

                                                           Defendants.

In Re: Sale of manufactured housing community in the
Town of Palmyra, County of Wayne, New York with
Tax Account Nos. 66111 – 09 – 180538; 66111 – 00 –
115535 (an Unindicted Property)
_____

**STIPULATION BY AND AMONG THE UNITED STATES OF AMERICA, ROBERT MORGAN, AND CANALSIDE ESTATES MHC, LLC**

With regard to a manufactured housing community located in the Town of Palmyra, County of Wayne, New York having Tax Account Nos. 66111 – 09 – 180538; 66111 – 00 – 115535, as more particularly depicted on Exhibit A (attached hereto), the United States of America, Robert Morgan, and Canalside Estates MHC, LLC, the owner of the real property located in the Town of Palmyra, County of Wayne, New York having Tax Account Nos. 66111 – 09 – 180538; 66111 – 00 – 115535, (collectively, the "Parties") hereby stipulate as follows:

1. WHEREAS Canalside Estates MHC, LLC (the "Owner") owns the real property located in the Town of Palmyra, County of Wayne, New York having Tax Account Nos. 66111 – 09 – 180538; 66111 – 00 – 115535 (the "Property").

2. WHEREAS no Defendant named in the Superseding Indictment in the above-captioned proceeding (Dkt. 42) has a direct ownership interest in the Property.

3. WHEREAS Robert Morgan is the manager of the Owner.

4. WHEREAS the Property is a real property that is not subject to the forfeiture allegations in the Superseding Indictment, incorporated herein by reference.

5. WHEREAS the Property is not a real property subject to civil forfeiture pursuant to the civil forfeiture action, *United States of America v. The Premises and Real Property with All Buildings, Appurtenances, and Improvements, Located at 7405 Morgan Road*, et. al., 1:19-CV-01157 (EAW) (W.D.N.Y. August 28, 2019) (the "Civil Forfeiture Action").

6. WHEREAS the Property is not subject to any other civil, criminal, or ancillary forfeiture action related to the above-captioned proceeding, the Civil Forfeiture Action, or the related criminal investigation.

7. WHEREAS there is no court order authorizing the United States of America to seize or lawfully restrain the sale, transfer, or disposal of the Property.

8. WHEREAS there are no advances made by the Receivership Entities (as defined in the Order Appointing Receiver (Dkt. 39) and clarified by the Stipulation and Order (Dkt. 49) in *Securities and Exchange Commission v. Morgan, et al.,* 19-CIV-661-EAW (the "SEC Action")) for the benefit of the Property, as evidenced by the Receiver's August 8, 2019 Accounting For the Receivership Entities (Dkt. 53) filed in the SEC Action.

9. The Parties agree to effectuate the transaction set forth in the Purchase and Sale Agreement, May 21, 2020 by and between the Owner and Canalside Estates, LLC ("Purchaser") or its permitted assignee or another bona fide purchaser (the "Sale").

10. The Parties agree that Purchaser is not restrained from making payments to the Owner, any Party, or any third parties (including any LLC or entity that the Defendants may have a membership interest in) related to the Sale or its ownership and operation of the Property.

11. The Parties agree that there is no restriction on any proceeds from the Sale.

12. The United States Attorney's Office for the Western District of New York and/or any of the federal agencies participating in the current criminal investigation related to the Superseding Indictment hereby agrees that, upon the Sale, they will not pursue as part of its criminal or civil forfeiture claims, and specifically and expressly waives any claim to the forfeiture of the premises, buildings, appurtenances, improvements and real property of the Property, except on the basis of conduct alleged to occur after the date of the Sale and which is unrelated to the criminal investigation in this matter and the related civil forfeiture matters.

13. The United States Attorney's Office for the Western District of New York and/or any of the federal agencies participating in the current criminal investigation related to the Superseding Indictment hereby agrees that, upon the Sale, they will not pursue as part of its criminal or civil forfeiture claims, and specifically and expressly waives any claim to the forfeiture of Purchaser's lender's secured interest in monies to be loaned and advanced to Purchaser by its lender, if any, as well as any related principal and interest payments which will be made by Purchaser to its lender, if any.

Dated:  June 30, 2020

                                            By:    JAMES P. KENNEDY, JR.
                                                      United States Attorney

                                                      *S/Mary Clare Kane*

June 26, 2020

 Mary Clare Kane  
Assistant United States Attorney  
United States Attorney's Office  
Western District of New York  
138 Delaware Avenue  
Buffalo, New York 14202

GIBSON DUNN & CRUTCHER, LLP

By:  *S/Joel M. Cohen*  
Joel M. Cohen  
*Attorneys for Robert C. Morgan*  
200 Park Avenue  
New York, New York 10166

HARRIS BEACH PLLC

By:  *S/Jordan C. Alaimo*  
Jordan C. Alaimo  
*Attorneys for Canalside Estates MHC, LLC*  
99 Garnsey Road  
Pittsford, New York 14534

SO ORDERED:

Dated: Rochester, New York  
     July 15, 2020

_____  
Hon. Elizabeth A. Wolford  
United States District Judge

4

# EXHIBIT A

## Legal Description

ALL THAT TRACT OR PARCEL OF LAND situate in the Town Lots 33 and 60, Town of Palmyra, County of Wayne, and State of New York, bounded and described as follows: Beginning at a point on the south right of way line of New York State Route 31 where the west line of lands now or formerly owned by Marlene Klino, as depicted on a survey map filed in the Wayne County Clerk's Office as Map Number 6195, intersects said right of way line; thence S 2° 28' 30" E along said west line of Klino to a point marking the intersection of the south line of New York State canal lands with the west line of Klino;

Thence (1) continuing along the same course as the west line of Klino, S 02° 28' 30" E a distance of 974.74 feet to a point;

Thence (2) N 70° 21' 30" E along a line a distance of 365.95 feet to a point in the west right of way line of New York State Route 31;

Thence (3) S 19° 34' 30" E along the west right of way line of Route 31 a distance of 100.75 feet to a point;

Thence (4) S 70° 25' 30" W along a line a distance of 150.00 feet to a point;

Thence (5) S 19° 34' 30" E along a line a distance of 26.54 feet to a point;

Thence (6) S 70° 25' 30" W along a line a distance of 254.98 feet to a point;

Thence (7) S 02° 28' 30" E along a line a distance of 956.86 feet to a point;

Thence (8) N 86° 41' 26" E along a line a distance of 500.00 feet to a point;

Thence (9) S 00° 07' 10" W along a line a distance of 615.51 feet to a point;

Thence (10) N 46° 35' 35" W along a line a distance of 1962.38 feet to a point;

Thence (11) N 03° 56' 15" E along a line a distance of 2017.82 feet to a point;

Thence (12) S 44° 29' 35" E along a line a distance of 998.95 feet to a point, the point and place of beginning.

Also, ALL THAT TRACT OR PARCEL OF LAND situate in the Town of Palmyra, County of Wayne and State of New York, bounded and described as follows: Beginning at a point 800 feet northerly from concrete monument station 127+85± which said monument is situate on the westerly side of the Palmyra-Newark State Highway No. 8072 and which said monument is also set on the line dividing premises now or formerly owned by John Delyser and Sarah Delyser, his wife, on the north and premises now or formerly owned by Frank Tilburg on the south, the point of beginning of the parcel of land hereby conveyed being 50 feet westerly at right angles from the survey base line of said State Highway No. 8072; thence southerly along the westerly

side of said highway 50 feet on a line parallel to said survey base line to a point; thence westerly at right angles 150 feet to a point; thence northerly on a line parallel to the easterly line of the parcel hereby conveyed a distance of 50 feet to a point; thence easterly 150 feet on a line parallel to the southerly line of the parcel hereby conveyed to the point of beginning.

Being a parcel 50 feet in width throughout north and south and 150 feet deep, together with such right, title and interest as parties of the first part have in and to the land extending easterly form the parcel of land hereby conveyed to the survey base line of said State Highway and embraced the north and south line of the parcel hereby conveyed extended easterly to said survey base line.

Also, ALL THAT TRACT OR PARCEL OF LAND situate in the Town of Palmyra, County of Wayne and State of New York, bounded and described as follows: Beginning at an iron pin in the westerly line of New York State Route 31, marking the northeast corner of land reputedly owned by Genevieve Trask, said point being northerly 800 feet from a concrete monument at baseline Station 127+85±; running thence S 78° 00' 00" W, along the northerly line of land reputedly known by said Trask, 150 feet to a brick pillar in the easterly line of land reputedly owned by Palmyra Memorial Post No. 6778 (VFW); thence N 12° 06' 00" W, along the easterly line of land reputedly owned by said VFW and the easterly line of land reputedly owned by John L. and Robyn R. Jordan, for a total distance of 50.00 feet to a point marking the southwest corner of land reputedly owned by Mitchell L. and Tammy M. Van Maldeghan; thence N 78° 00' 00" E, along the southerly line of land reputedly owned by said Van Maldeghan 150.00 feet to an iron pipe in the westerly line of New York State Route 31; thence S 12° 06' 00" E, along the westerly line of said highway, 50.00 feet to the point and place of beginning.