UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                                                          18-CR-108-EAW

ROBERT MORGAN, FRANK GIACOBBE,
TODD MORGAN, AND MICHAEL TREMITI,

                                                                   Defendants.

In Re: Sale of Phase 1, Lot 2 of 50 Lakeshore Drive,
Canandaigua, NY 14424 (an Unindicted Property)

**STIPULATION BY AND AMONG THE UNITED STATES OF AMERICA, ROBERT MORGAN, AND CANANDAIGUA LAKEFRONT LLC**

With regard to the premises, buildings, appurtenances, improvements and real property located at Phase 1, Lot 2 of 50 Lakeshore Drive, Canandaigua, New York, as more particularly described on Exhibit A (attached hereto), the United States of America, Robert Morgan, and Canandaigua Lakefront LLC, owner of the real property located at Phase 1, Lot 2 of 50 Lakeshore Drive, Canandaigua, New York, (collectively, the "Parties") hereby stipulate as follows:

1. WHEREAS Canandaigua Lakefront LLC (the "Owner") owns the real property located at Phase 1, Lot 2 of 50 Lakeshore Drive, Canandaigua, New York (the "Property").

2. WHEREAS no Defendant named in the Superseding Indictment in the above-captioned proceeding (Dkt. 42) has a direct ownership interest in the Property.

3. WHEREAS Robert Morgan has an indirect interest in the Owner.

4. WHEREAS the Property is a real property that is not subject to the forfeiture allegations in the Superseding Indictment, incorporated herein by reference.

5. WHEREAS the Property is not a real property subject to civil forfeiture pursuant to the civil forfeiture action, *United States of America v. The Premises and Real Property with All Buildings, Appurtenances, and Improvements, Located at 7405 Morgan Road*, et. al., 1:19-CV-01157 (EAW) (W.D.N.Y. August 28, 2019) (the "Civil Forfeiture Action").

6. WHEREAS the Property is not subject to any other civil, criminal, or ancillary forfeiture action related to the above-captioned proceeding, the Civil Forfeiture Action, or the related criminal investigation.

7. WHEREAS there is no court order authorizing the United States of America to seize or lawfully restrain the sale, transfer, or disposal of the Property.

8. WHEREAS there are no advances made by the Receivership Entities (as defined in the Order Appointing Receiver (Dkt. 39) and clarified by the Stipulation and Order (Dkt. 49) in *Securities and Exchange Commission v. Morgan, et al.*, 19-CIV-661-EAW (the "SEC Action")) for the benefit of the Property, as evidenced by the Receiver's August 8, 2019 Accounting For the Receivership Entities (Dkt. 53) filed in the SEC Action.

9. The Parties agree to effectuate the transaction set forth in the Contract of Sale, dated February 7, 2020, by and between the Owner and Finger Lakes Phase I LLC ("Purchaser") or its permitted assignee or another bona fide purchaser (the "Sale").

10. The Parties agree that Purchaser is not restrained from making payments to the Owner, any Party, or any third parties (including any LLC or entity that the Defendants may have a membership interest in) related to the Sale or its ownership and operation of the Property.

11. The Parties agree that there is no restriction on any proceeds from the Sale.

12. The United States Attorney's Office for the Western District of New York and/or any of the federal agencies participating in the current criminal investigation related to the Superseding Indictment hereby agrees that, upon the Sale, they will not pursue as part of its criminal or civil forfeiture claims, and specifically and expressly waives any claim to the forfeiture of the premises, buildings, appurtenances, improvements and real property of the Property, except on the basis of conduct alleged to occur after the date of the Sale and which is unrelated to the investigation in this matter and the related civil forfeiture matters.

13. The United States Attorney's Office for the Western District of New York and/or any of the federal agencies participating in the current criminal investigation related to the Superseding Indictment hereby agrees that, upon the Sale, they will not pursue as part of its criminal or civil forfeiture claims, and specifically and expressly waives any claim to the forfeiture of Purchaser's lender's secured interest in monies to be loaned and advanced to Purchaser by its lender, if any, as well as any related principal and interest payments which will be made by Purchaser to its lender, if any.

Dated:  June 30, 2020

By:    JAMES P. KENNEDY, JR.
       United States Attorney

*S/Mary Clare Kane*
Mary Clare Kane
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

                                              GIBSON DUNN & CRUTCHER, LLP


By:    *S/Joel M. Cohen*
        Joel M. Cohen
        *Attorneys for Robert C. Morgan*
        200 Park Avenue
        New York, New York 10166


                HARRIS BEACH PLLC


By:    *S/Jordan C. Alaimo*
        Jordan C. Alaimo
        *Attorneys for Canandaigua Lakefront LLC*
        99 Garnsey Road
        Pittsford, New York 14534

SO ORDERED:

Dated: Rochester, New York
       July 15, 2020

Hon. Elizabeth A. Wolford
United States District Judge

4

# EXHIBIT A

## Parcel Description

PHASE 1 (Lot 2 of the North Shore Subdivision)

All that tract or parcel of land situate in the City of Canandaigua, County of Ontario, State of New York and being more particularly described as follows:

BEGINNING at an iron pin in the east line of Booth Street, said pin also being the northwest corner of lands now or formerly owned by Zerges as filed in the Ontario County Clerk's Office in Liber 1065 of Deeds at Page 102;

Thence in the east line of Booth Street the following calls: North 31° 29' 01" East a distance of 153.89 feet to a point;

Thence North 57° 36' 31" East a distance of 261.80 feet to a point;

Thence North 89° 26' 52" East a distance of 163.51 feet to a point;

Thence South 00° 33' 08" East a distance of 423.98 feet to a point in the north line of Lake Shore Drive;

Thence South 89° 47' 31" West in the north line of Lake Shore Drive a distance of 29.60 feet to a point;

Thence South 89° 47' 27" West in the north line of Lake Shore Drive a distance of 135.94 feet to a point;

Thence North 00° 33' 08" West a distance of 164.04 feet to a point;

Thence South 89° 26' 52" West a distance of 151.38 feet to a point;

Thence South 03° 53' 31" West a distance of 10.55 feet to a point;

Thence South 89° 47' 31" West a distance of 149.81 feet to the POINT AND PLACE OF BEGINNING.

BEING 2.706 ACRES

TOGETHER WITH a Declaration of Reciprocal Easements made by Canandaigua Lakefront LLC dated March 27, 2018 and recorded in the Ontario County Clerk's Office simultaneously herewith.