UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                                  18-CR-108-EAW

ROBERT MORGAN, FRANK GIACOBBE, TODD
MORGAN, AND MICHAEL TREMITI,

                                         Defendants.

In Re: Lots 101-103, 901, and 1703, Town of Henrietta,
New York (an Unindicted Property)

**STIPULATION BY AND AMONG THE UNITED STATES OF AMERICA, ROBERT MORGAN, TODD MORGAN, AND RIVERS RUN, LLC**

With regard to that certain vacant real property located at Lots 101-103, 901, and 1703, Town of Henrietta, New York, as more particularly depicted on Exhibit A (attached hereto), the United States of America, Robert Morgan, Todd Morgan, and Rivers Run, LLC, the owner of the real property located at Lots 101-103, 901 and 1703, Town of Henrietta, New York (collectively, the "Parties") hereby stipulate as follows:

1. WHEREAS Rivers Run, LLC (the "Owner") own the real property located at Lots 101-103, 901, and 1703, Town of Henrietta, New York (the "Property").

2. WHEREAS no Defendant named in the Superseding Indictment in the above-captioned proceeding (Dkt. 42) has a direct ownership interest in the Property.

3. WHEREAS Robert Morgan and Todd Morgan have an indirect interest in the Owner.

4. WHEREAS the Property is a real property that is not subject to the forfeiture allegations in the Superseding Indictment, incorporated herein by reference.

5. WHEREAS the Property is not a real property subject to civil forfeiture pursuant to the civil forfeiture action, *United States of America v. The Premises and Real Property with All Buildings, Appurtenances, and Improvements, Located at 7405 Morgan Road, et. al.,* 1:19-CV-01157 (EAW) (W.D.N.Y. August 28, 2019) or *United States of America v. Any and All Joint Venture Units of Morgan Interest Holders, et. al.,* 1:20-CV-00334 (EAW) (W.D.N.Y. March 20, 2020) (the "Civil Forfeiture Actions").

6. WHEREAS the Property is not subject to any other civil, criminal, or ancillary forfeiture action related to the above-captioned proceeding, the Civil Forfeiture Actions, or the related criminal investigation.

7. WHEREAS there is no court order authorizing the United States of America to seize or lawfully restrain the sale, transfer, or disposal of the Property.

8. WHEREAS there are no outstanding advances made by the Receivership Entities (as defined in the Order Appointing Receiver (Dkt. 39) and clarified by the Stipulation and Order (Dkt. 49) in Securities *and Exchange Commission v. Morgan, et al*., 19-CIV-661-EAW (the "SEC Action")) for the benefit of the Property, as evidenced by the Receiver's August 8, 2019 Accounting For the Receivership Entities (Dkt. 53) filed in the SEC Action.

9. The Parties agree to effectuate the transaction set forth in the Purchase and Sale Agreement for Lot 1703 (the "1703 Purchase Agreement"), dated February 21, 2020, by and between the Owner and David and Hilda Buckley (collectively the "1703 Purchaser") or its permitted assignee or another bona fide purchaser.

10. The Parties agree to effectuate the transaction set forth in the Purchase and Sale Agreement for Lot 901 (the "901 Purchase Agreement"), dated June 16, 2020, by and between the Owner and Xiuli Gong (the "901 Purchaser") or its permitted assignee or another bona fide purchaser.

11. Lots 101-103 remain for sale but no agreement of sale has yet been reached for the sale of Lots 101-103 (any future purchaser of Lots 101-103, collectively with the 1703 Purchaser and 901 Purchaser, referred to as "Purchasers"). The Parties agree to effectuate the transactions set forth in any subsequent purchase agreement(s) for the remaining Lots 101-103 upon substantially the same terms and conditions (plus any change orders, extras, upgrades, or the like desired by any Purchaser).

12. The Parties agree that the Purchasers are not restrained from making payments to the Owner, any Party, or any third parties (including any LLC or entity that the Defendants may have a membership interest in) related to the sales of Lots 1703, 901, or 101-103 (the "Sales") or its ownership and operation of the Property.

13. The Parties agree that there is no restriction on any proceeds from the Sales.

14. The United States Attorney's Office for the Western District of New York and/or any of the federal agencies participating in the current criminal investigation related to the Superseding Indictment hereby agrees that, upon the Sales, they will not pursue as part of its criminal or civil forfeiture claims, and specifically and expressly waives any claim to the forfeiture of the premises, buildings, appurtenances, improvements and real property of the Property, except on the basis of conduct alleged to occur after the date of the Sales and which is unrelated to the investigation in this matter and the related civil forfeiture matters.

15. The United States Attorney's Office for the Western District of New York and/or any of the federal agencies participating in the current criminal investigation related to the Superseding Indictment hereby agrees that, upon the Sales, they will not pursue as part of its criminal or civil forfeiture claims, and specifically and expressly waives any claim to the forfeiture of any Purchaser's lender's secured interest in monies to be loaned and advanced to any Purchaser by its lender, if any, as well as any related principal and interest payments which will be made by Purchaser to its lender, if any.

Dated: July 30, 2020

By: JAMES P. KENNEDY, JR.
United States Attorney

*S/Mary Clare Kane*
Mary Clare Kane
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

GIBSON DUNN & CRUTCHER, LLP

By: *S/Joel M. Cohen*
Joel M. Cohen
*Attorneys for Robert C. Morgan*
200 Park Avenue
New York, New York 10166

                        ROTHENBERG LAW

By:    *S/David Rothenberg*
       David Rothenberg
       *Attorneys for Todd Morgan*
       Time Square Building
       45 Exchange Boulevard, Suite 800
       Rochester, New York 14614

                      WOODS OVIATT GILMAN LLP

By:    *S/James J. Bonsignore*
       James J. Bonsignore
       *Attorneys for Rivers Run, LLC*
       1900 Bausch & Lomb Place
       Rochester, New York 14604

SO ORDERED:

Dated: Rochester, New York
       July 31, 2020

_____
Hon. Elizabeth A. Wolford
United States District Judge

5

**EXHIBIT A**
**Identification of the Premises**

### 101 RIVERS RUN:

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Henrietta, County of Monroe and State of New York, being more particularly known as Lot 1, Block 1 of the Rivers Run Subdivision, Section 2 as shown on filed subdivision map in Liber 329 of Maps, page 3, and a resubdivision map of Lot 69 in Lot 340 of Maps, page 85.

### 102 RIVERS RUN:

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Henrietta, County of Monroe and State of New York, being more particularly known as Lot 2, Block 1 of the Rivers Run Subdivision, Section 2 as shown on filed subdivision map in Liber 329 of Maps, page 3, and a resubdivision map of Lot 69 in Lot 340 of Maps, page 85.

### 103 RIVERS RUN:

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Henrietta, County of Monroe and State of New York, being more particularly known as Lot 3, Block 1 of the Rivers Run Subdivision, Section 2 as shown on filed subdivision map in Liber 329 of Maps, page 3, and a resubdivision map of Lot 69 in Lot 340 of Maps, page 85.

### 901 RIVERS RUN:

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Henrietta, County of Monroe and State of New York, being more particularly known as Lot R-32, Block 9 of the Rivers Run Subdivision, Section 2 as shown on a filed subdivision map in Liber 329 of Maps, Page 3, a resubdivision map of Lot 69 in Liber 340 of Maps, Page 85 and a resubdivision map of Block 9 in Liber 359 of Maps, Page 64.

### 1703 RIVERS RUN:

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Henrietta, County of Monroe and State of New York, being more particularly known as Lot R-62, Block 17 of the Rivers Run Subdivision, Section 2 as shown on a filed subdivision map in Liber 329 of Maps, Page 3, a resubdivision map of Lot 69 in Liber 340 of Maps, Page 85 and a resubdivision map of Block 17 in Liber 357 of Maps, Page 89.