UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

**ORDER**

FRANK GIACOBBE, TODD MORGAN,
ROBERT MORGAN, and MICHAEL
TREMITI,

1:18-CR-00108 EAW

Defendants.

---

Familiarity with the facts and procedural posture of the above-captioned matter are assumed for purposes of the instant Order.

Defendants Frank Giacobbe, Todd Morgan, Robert Morgan, and Michael Tremiti ("Defendants") have each entered into plea agreements in case number 1:21-cr-00032 and withdrawn their previously filed motions for reconsideration in the above-captioned matter, all of which were premised on the allegation that the government made intentionally misleading statements and omissions to the Court during the prosecution of this matter.  (Dkt. 505 (Giacobbe); Dkt. 506 (Todd Morgan); Dkt. 507 (Robert Morgan); Dkt. 509 (Tremiti)).  On January 25, 2022, the Court read a partial decision from the bench as to those motions, wherein it found that factual issues existed as to "whether or not the government . . . intentionally misrepresented to [the undersigned] and/or Judge Schroeder information concerning the discovery in this case, either through affirmative statements that were false or omissions concerning material information that the government knew or should have known would have caused the Court to have an incorrect understanding as to

- 1 -

the facts." (Dkt. 550 at 23). The Court accordingly ordered an evidentiary hearing, but that hearing was ultimately adjourned when Defendants withdrew their motions for reconsideration.

Subject to the potential reinstatement of the motions for reconsideration consistent with the terms of Defendants' plea agreements, the withdrawal of the motions means that the Court no longer needs to determine whether its prior dismissal of the charges against Defendants in the above-captioned should have been with prejudice. However, it is not clear to the Court that this development also obviates the need for further inquiry into whether governmental misconduct occurred in this case. "[A] district court bears the responsibility for the supervision of the members of its bar." *Hull v. Celanese Corp*., 513 F.2d 568, 571 (2d Cir. 1975); *see also Chambers v. NASCO*, Inc., 501 U.S. 32, 43 (1991) ("[A] federal court has the power to control admission to its bar and to discipline attorneys who appear before it. While this power ought to be exercised with great caution, it is nevertheless incidental to all Courts." (citation and quotations omitted)). In particular, a court may sanction "a lawyer's negligent or reckless failure to perform his or her responsibility as an officer of the court." *United States v. Seltzer*, 227 F.3d 36, 41-42 (2d Cir. 2000) (further explaining that "the inherent power of the district court also includes the power to police the conduct of attorneys as officers of the court"); *see also United States v. Nejad*, 487 F. Supp. 3d 206, 208 (S.D.N.Y. 2020) ("Government lawyers wield enormous prosecutorial power. They must exercise it in a way that is fully consistent with their constitutional and ethical obligations. And it is the obligation of the courts to ensure that they do and hold them accountable if they do not."). Accordingly, additional fact-

finding may be warranted where it is unclear if government lawyers "intentionally made a misleading statement to the Court[.]"  *Nejad*, 487 F. Supp. 3d at 224.

Many unanswered questions remain concerning the government's handling of this case.  The most pressing of those questions, in the Court's view, is whether government lawyers violated their "heightened ethical obligation . . . [to] endeavor to do justice." *DaCosta v. City of New York*, 296 F. Supp. 3d 569, 600 (E.D.N.Y. 2017) (internal quotation marks omitted); *see also Berger v. United States*, 295 U.S. 78, 88 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.").  In other words, while the Court has not made any finding that representatives of the United States intentionally misrepresented information to the undersigned or Judge Schroeder, at the same time there are unresolved facts in the record as to whether or not they did.  Thus, the question remains as to whether the Court, on its own, should resolve those factual disputes, notwithstanding the withdrawn motions for reconsideration.  To the extent the government takes the position that no further inquiry by the Court into these matters is warranted, including potentially because of plans the government has to pursue the issues on its own internally, it shall file a brief of no more than 25 pages setting forth the basis for its position <u>by no later than July 1, 2022</u>.  In the event that the government seeks to file under seal all or part of its submission, it should ensure that a timely motion is made for any such relief in advance of the deadline set forth herein.

The Court will make a final determination on how the issue shall be handled at or after the time set for Defendants' sentencings.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      April 22, 2022
              Rochester, New York